UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-273 (DSD/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MEHRAN MAKARI SAHELI,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Mehran Makari Saheli (hereinafter, the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).

2. **Factual Basis.** On April 24, 2020, the defendant was stopped by Lonsdale Police for driving violations. Officers arrested the defendant and his passenger and searched the car. In the backseat they found a backpack containing the defendant's wallet, ID, and a Ruger SR9 9-millimeter pistol bearing serial

number 33469337. The defendant was arrested for unlawful possession of a firearm.

The Ruger is a "firearm" as defined by federal law under 18 U.S.C. § 921(a)(3) and was manufactured outside the State of Minnesota. The Ruger therefore necessarily traveled in or affected interstate or foreign commerce prior to being in the defendant's possession on April 24, 2020, in Minnesota.

The defendant admits that prior to April 24, 2020, he had been convicted of the crime listed in Count 1 of the Indictment, punishable by more than one year in prison. Specifically, the defendant has the following felony conviction:

| Crime | Jurisdiction of Conviction | Date of Conviction (on or about) |
|---|---|---|
| Possession of a Fraudulent Immigration Document | U.S. District Court – District of Minnesota | July 7, 2009 |

The defendant admits that prior to April 24, 2020, he knew he had previously been convicted of at least one crime punishable by more than one year in prison, and that he knowingly and voluntarily possessed the Ruger on April 24, 2020.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement and based on the concessions of the United States herein, the

defendant withdraws his pending motions and knowingly, willingly, and voluntarily gives up the right to file additional pre-trial motions in this case.

4. **Waiver of Constitutional Rights**. The defendant understands that the defendant has the right to plead not guilty and to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that the defendant has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

5. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a.    a maximum of 10 years' imprisonment;
    b.    a supervised release term of not more than three years;
    c.    a fine of up to $250,000;
    d.    a mandatory special assessment of $100; and

e. assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

6. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a. Base Offense Level. The parties agree that the base offense level for felon in possession of a firearm is 14. (U.S.S.G. § 2K2.1(a)(6)(A)).

   b. Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

   c. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of

4

responsibility. (U.S.S.G. § 3E1.1). The parties agree that other than as provided for in the subsection, no other Chapter 3 adjustments apply.

    d.    Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is III. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

    e.    Guideline Range. If the offense level is 12, and the criminal history category is III, the Sentencing Guidelines range is 15-21 months of imprisonment.

    f.    Fine Range. If the adjusted offense level is 12, the fine range is $5,500 to $55,000 (U.S.S.G. § 5E1.2(c)(3)).

    g.    Supervised Release. The Sentencing Guidelines advise a term of supervised release of one to three years. (U.S.S.G. § 5D1.2).

    h.    Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The defendant reserves the right to argue for a sentence outside the applicable Guidelines range. The government agrees not to ask for a sentence of more than 15 months' imprisonment. The parties agree to request that the defendant receive imprisonment credit for the time he spent detained in ICE custody.

8.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within

5

the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees the special assessment is due and payable at sentencing.

10. **Collateral Consequences.** The defendant understands that pleading guilty may have consequences with respect to his immigration status, including removal or deportation. The defendant understands that no one, including his attorney, the Assistant United States Attorney, or the Court, can predict to a certainty the effect of his conviction on his immigration status. Regardless of any immigration consequences that may follow from his guilty plea, the defendant still wishes to plead guilty as set forth in this agreement.

11. **Forfeitures.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms,

ammunition, and accessories (including magazines) involved in or used in any knowing violation of 18 U.S.C. § 922(g), including but not limited to, a Ruger SR9 9-millimeter pistol bearing serial number 33469337; a .22 caliber rifle Plainsman Model 865 bearing serial number 13578 seized from the defendant's trailer on March 7, 2022; a .22 caliber rifle Revelation Model 150 bearing serial number 69206359 seized from the defendant's trailer on March 7, 2022, and any ammunition and accessories seized therewith. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. He waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearm and ammunition.

12. **Waiver of Freedom of Information Act and Privacy Act.** The defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Waivers of Appeal and 2255 Motion.** The parties understand that 18 U.S.C. § 3742 affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the sentence exceeds 21 months'

7

imprisonment. The government waives all rights to appeal the sentence unless the sentence is below 15 months' imprisonment. In addition, the defendant waives the right to petition under 28 U.S.C. § 2255, except for the issue of ineffective assistance of counsel. The defendant has discussed these rights with his attorney. The defendant understands the rights and waives these rights knowingly, intelligently, and voluntarily.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: May 9, 2022

ANDREW M. LUGER
United States Attorney

BY: SARAH E. HUDLESTON
Assistant U.S. Attorney

Date: 05-09-2022

MEHRAN MAKARI SAHELI
Defendant

Date: 5/9/2022

SHANNON ELKINS
Counsel for Mehran Saheli